IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES FIELDS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-15-668-F |
| v. | ) | |
| | ) | |
| OKLAHOMA COUNTY PUBLIC | ) | |
| DEFENDERS OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lexington Assessment and Reception Center ("LARC") located in Lexington, Oklahoma. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I. Statutory Screening of Prisoners' and In Forma Pauperis Litigants' Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, because Plaintiff is proceeding *in forma pauperis*, the Court has a duty to screen the Complaint. See 28 U.S.C. § 1915(e)(2). In this initial review, the Court must dismiss any claim that is frivolous or

1

malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

To survive this review, Plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the Court must assume the truth of all well-pleaded factual allegations in the Complaint and construe them in the light most favorable to Plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

An initial review of the sufficiency of the Complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2) has been conducted, and based on this review the undersigned recommends dismissal of the cause of action on filing.

II. Complaint

In Plaintiff's Complaint filed May 12, 2015, Plaintiff alleges in Count I that the

"Oklahoma County P.D.'s office violatated [sic] U.S. Constitutional Civil Rights to Equal Protection 1st, 4th, 6th, 9th and 14th, A.D.A. [sic]." Complaint, at 3. As supporting facts, Plaintiff alleges that he can show "Actual Innocense [sic]" and "ineffective assistance of counsel, Tanya Jones, Eric Cotton (attorney) attempt to shelter defendant(s) stating he did not receive oringal [sic] documents of case. Court Clerk John and Jane Doe's attempts to hamper legal process, failing to make stamp filed copies."

In Count II, Plaintiff alleges "Oklahoma Veteran's Deversion [sic] Program, John and Jane Doe's violated U.S. Constitutional Civil Rights to Equal Protection." As supporting facts, Plaintiff alleges "violated U.S. Constitutional Civil Rights to Equal Protection, failing to investigate actual innocence in subsequent charges of bring a 'gun, alcohol and C.D.S. into police station, stating only petitioner had an attitude problem(s) when 'No!!!' such issue stated until after gun-charge, no such record, issue(s) of attidude [sic]!!!"

In Count III, Plaintiff alleges "Oklahoma County Court Clerk office Tim Rhodes, John and Jane Doe's . . . did presist [sic] to hamper stamped filing, copies of motions when requesting late sent stamped filed copies, requesting a copying fee(s)."

In Count IV, Plaintiff alleges "Oklahoma City P.D. and Midwest City P.D. and John and Jane Doe's . . . did conduct a 'Pretextual stop' there by "fruits of the Posionious [sic] tree' if 'any!!!' evidence(s)." As relief for these alleged claims, Plaintiff seeks monetary damages and an "Injunction."

III. Analysis

According to the public records of the Oklahoma Department of Corrections

("ODOC") and the District Court of Oklahoma County, Plaintiff entered guilty pleas in March 2015 to three counts of Possession of a Controlled Dangerous Substance, one count of Carrying Contraband into a Penal Institution, one count of Driving While Under the Influence, and other misdemeanor charges in Case No. CF-2012-6951 and Case No. CF-2013-2827. Plaintiff is currently incarcerated in the custody of ODOC serving three, six-year, concurrent sentences for his three convictions for Possession of a Controlled Dangerous Substance.

This background elucidates the nearly incomprehensible allegations set forth in Plaintiff's Complaint. Construing the allegations generously, see Haines v. Kerner, 404 U.S. 519 (1982), and in light of Plaintiff's recent history, it appears that Plaintiff is alleging that (1) he is innocent of the recent convictions entered against him in Oklahoma County District Court, (2) he was denied effective assistance of court-appointed counsel in connection with those recent convictions, (3) unidentified clerks violated his right of access to the courts by somehow hampering his ability to file pleadings in the Oklahoma County Court Clerk's office, and (4) unidentified Oklahoma City and Midwest City police officers violated his Fourth Amendment rights during a traffic stop.

Plaintiff's claims seeking damages for alleged constitutional violations related to his convictions, as alleged in counts one, two, and four, are premature and barred from judicial review at this time. In Heck v. Humphrey, 512 U.S. 477, 481 (1994), the Supreme Court affirmed that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though

4

such a claim may come within the literal terms of § 1983." Because of this exclusive habeas remedy, the Court held that damages may not be recovered in a 42 U.S.C. § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Id. at 487. In the absence of such proof, a § 1983 action has not yet accrued, and the § 1983 action must be dismissed without prejudice as "premature under *Heck*." Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 556 (10th Cir. 1999).

Plaintiff has not alleged, and there is no evidence demonstrating, that his Oklahoma County convictions have been overturned or otherwise invalidated. Therefore, the doctrine in Heck bars judicial review of his § 1983 claims alleged in Count I, Count II, and Count IV that essentially challenge the constitutional validity of his convictions and sentences.

Additionally, Plaintiff's claim in Count I seeking damages against his court-appointed defense attorneys fails to assert a plausible § 1983 claim for relief. To state a claim under 42 U.S.C. §1983, a plaintiff must show that action taken "under color of" state law deprived him or her of rights secured by the Constitution or other federal law. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982). It is well established law that defense attorneys are not acting under color of state law in their representation of defendants in state court criminal proceedings. Polk County v. Dodson, 454 U.S. 312, 314, 317-18 (1981); see Zapata v. Public

5

Defenders Office, 252 Fed. App'x. 237, 239 (10th Cir. 2007)(unpublished op.)("Zapata's claims against his defense attorneys fail to state a §1983 claim because a public defender representing an indigent defendant in a state criminal proceeding does not act under color of state law.").

Plaintiff's allegations in Count I concerning Mr. Ravitz, Mr. Cotton, Ms. Jones, Mr. Wilson, "Kegan," and "Chuck" relate either to the legal representation provided to him by these Defendants in his state criminal proceedings or relate to derivative claims against supervisory Defendants in the Oklahoma County Public Defender's Office. Even generously construing the allegations, Plaintiff has failed to state a viable § 1983 claim for relief against these Defendants.

With respect to Plaintiff's claim against the Oklahoma County Public Defender's Office, Plaintiff's Complaint fails to state a plausible claim for relief. A cause of action under 42 U.S.C. § 1983 must be based on individual, not *respondeat superior*, liability. Polk County, 454 U.S. at 453-54 (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Plaintiff has alleged only *respondeat superior* liability against the Oklahoma County Public Defender's Office, and he has failed to state a plausible claim for relief against this Defendant. Moreover, the Oklahoma County Public Defender's Office is not a "person" for purposes of 42 U.S.C. § 1983. See Zapata, 252 Fed. App'x. at 240 (upholding dismissal of New Mexico Public Defender's Office on basis it is not "person" amenable to suit under § 1983).

In Plaintiff's remaining claim asserted in Count I and Count III of the Complaint,

Plaintiff alleges that Mr. Tim Rhodes, the Oklahoma County Court Clerk, and unidentified individuals employed by the Oklahoma County Court Clerk somehow "hamper[ed]" his ability to file pleadings in his criminal cases. Plaintiff has not alleged facts sufficient to state a plausible claim for relief against the Oklahoma County Court Clerk or any employee of that office.

Pursuant to Bounds v. Smith, 430 U.S. 817 (1977), prisoners and pretrial detainees have a constitutionally-protected right of access to the courts. Id. at 820-821, 824. See Trujillo v. Williams, 465 F.3d 1210, 1226 (10th Cir. 2006); Love v. Summit County, 776 F.2d 908, 912-13 (10th Cir. 1985). However, this right is not unlimited. In Lewis v. Casey, 518 U.S. 343, 351, 356 (1996), the Supreme Court held that there is no "abstract, freestanding right to a law library or legal assistance," and an inmate alleging a denial of his right of access to the courts must show actual injury, which could mean that "an actionable claim [challenging a sentence or conditions of confinement] has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of filing suit has not been provided." See Christopher v. Harbury, 536 U.S. 403, 412-416 (2002)(recognizing that inmates alleging a denial of the right of access to the courts must show either "systemic official action [which] frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time" or a claim that "cannot now be tried (or tried with all material evidence) . . . [because past official action] caused the loss or inadequate settlement of a meritorious case . . . .").

Plaintiff has not alleged that any actions or omissions of Mr. Rhodes or the

unidentified court clerks frustrated or impeded his ability to file either a direct appeal, a habeas corpus petition, or a civil rights claim pursuant to 42 U.S.C. § 1983 "to vindicate basic constitutional rights." Casey, 518 U.S. at 353. Therefore, Plaintiff has not stated a plausible claim for relief against Defendant Rhodes or the unidentified court clerks concerning his claim of a denial of access to the courts.

Because there are no circumstances under which it can be envisioned that Plaintiff's Complaint could be amended to assert viable claims for relief against any Defendant under 42 U.S.C. § 1983, the Court should not allow Plaintiff the opportunity to amend his Complaint. See Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007)("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.")(internal quotation marks omitted).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be dismissed without prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. §1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by <u>December 21st</u>, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); cf. <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Second Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this <u>1st</u> day of <u>December</u>, 2015.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE